# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1296V
**Filed: September 12, 2018**
UNPUBLISHED

| | |
|---|---|
| JOAN M. DOUGLASS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Glen H. Sturtevant*, Rawls Law Group, Richmond, VA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 20, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of a tetanus diphtheria acellular pertussis ("Tdap") vaccine she received in her left upper arm on January 1, 2016. Petition at 1-2. On August 15, 2018, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. (ECF No. 30.)

On August 24, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 34). Petitioner requests attorneys' fees in the amount of $18,938.00 and attorneys'

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $2,571.03.  *Id.* at 2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (ECF No. 34-3 at 2).  Thus, the total amount requested is $21,509.33.

On August 24, 2018, respondent filed a response to petitioner's motion.  (ECF No. 35).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds it necessary to reduce the following attorney rates and hours billed.

With regard to Glen Sturtevant's requested hourly rate of $331 for work performed in 2018, the undersigned finds the proposed rate excessive based on the quality of work performed, his experience in the Vaccine Program, and his reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion. *See, e.g., Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. HHS*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. HHS*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Court's Fee Schedule, an attorney in the range of 11 – 19 years of experience are entitled to hourly rates between $317 - $396 for work performed in 2018.[3]

Mr. Sturtevant was awarded a rate of $315 per hour for work performed in 2017.  His increase for 2018, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $326 per hour, which is a more appropriate rate given the undersigned's

---

[3] The Attorneys' Fee Schedule for 2018 is available at http://www.cofc.uscourts.gov/node/2914

experience and analysis of the *McCulloch* factors as applied to Mr. Sturtevant. Therefore, the undersigned **reduces the fee request by $52.00**.[4]

A total of 5.2 hours[5] was billed on tasks that are considered administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). Administrative entries include billed by the paralegals include such tasks as receiving correspondence and invoices and updating payment logs. The undersigned **reduces the fee request by $720.50**,[6] the total amount the administrative charges.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $20,736.83[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Glen H. Sturtevant.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

                                                   **s/Nora Beth Dorsey**
                                                   Nora Beth Dorsey
                                                   Chief Special Master

---

[4] This amount is calculated by reducing the requested rate by the awarded rate multiplied by hours billed. ($31 - $326 = $5 * 10.40= $52.00).

[5] Included in these hours are 39 entries listed as "attention to" and the named correspondence, preparing packages to be mailed, and to "update payment log".

[6] This amount consists of 3.8 hours at a rate of $140.00 per hour and 1.3 hours at the rate of $145 per hour.

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.